

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2026 MAR 11  A 11: 04

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

WAYCROSS DIVISION

EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

AND PROPOSED ORDER

(ANTI-REMOVAL / ANTI-TRANSFER / ANTI–THIRD COUNTRY)

IN AID OF HABEAS CORPUS JURISDICTION

(28 U.S.C. § 2241)

**PETITIONER:**
**Francisco Antonio Molina Lovo**
**A-Number: A 220 916 739**
**Date of Birth: April 18, 1987**
**Nationality: Nicaraguan**
**Current Detention Facility: Folkston Main Detention Facility**
**3026 GA 252 E**
**Folkston, GA 31537**

**NEXT FRIEND:**
**Mayerli Laguna Lovo**
**Date of Birth: October 2, 1986**
**Address: 1704 E Main St, Durham, NC 27703**
**Phone: 919-864-5174**
**Email: Mayelovo86@gmail.com**

## I. INTRODUCTION

Petitioner, through his Next Friend, respectfully moves this Honorable Court for the immediate issuance of a Temporary Restraining Order enjoining Respondents from removing, transferring, or deporting Petitioner, including to any third country, pending resolution of his Petition for Writ of Habeas Corpus. Immediate judicial intervention is necessary to preserve this Court's jurisdiction and prevent irreparable harm.

## II. LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER

A Temporary Restraining Order is warranted where the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent injunctive relief; (3) that the balance of harms favors the movant; and (4) that the injunction serves the public interest. See Winter v. NRDC, 555 U.S. 7 (2008).

## III. SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

Petitioner has demonstrated a strong likelihood of success on his habeas claims based on prolonged and punitive detention, denial of due process, and deliberate indifference to serious medical needs. Continued detention under these circumstances violates the Fifth Amendment.

## IV. IRREPARABLE HARM

Absent injunctive relief, Petitioner faces immediate and irreparable harm, including unlawful removal or transfer that would moot his habeas petition, exacerbate life-threatening medical conditions, and cause permanent psychological injury. Such harm cannot be remedied after the fact.

## V. BALANCE OF EQUITIES AND PUBLIC INTEREST

The balance of equities overwhelmingly favors Petitioner. Preserving constitutional rights and ensuring access to judicial review serve the public interest. Respondents suffer no prejudice from maintaining the status quo.

## VI. NECESSITY TO PRESERVE HABEAS JURISDICTION

Federal courts possess authority to issue injunctive relief to prevent actions that would defeat their jurisdiction. See Nken v. Holder, 556 U.S. 418 (2009). Without a TRO, Respondents may remove or transfer Petitioner, rendering this Court powerless to adjudicate his claims.

## VII. RELIEF REQUESTED

Petitioner respectfully requests that this Court:
1. Issue a Temporary Restraining Order enjoining Respondents from removing, transferring, or deporting Petitioner, including to any third country;
2. Order Respondents to maintain Petitioner at his current location;
3. Grant any other relief deemed just and proper.

## PROPOSED ORDER

Upon consideration of Petitioner's Emergency Motion for Temporary Restraining Order, and finding that Petitioner has met the requirements for injunctive relief, IT IS HEREBY ORDERED that:

1. Respondents, their officers, agents, servants, employees, and all persons acting in concert with them are TEMPORARILY RESTRAINED from removing, deporting, transferring, or otherwise relocating Petitioner, including removal to any third country, pending further order of this Court.

2. Respondents shall maintain Petitioner at his current detention facility and shall not interfere with this Court's jurisdiction over the pending habeas petition.

3. This Order shall remain in effect until further order of the Court.

SO ORDERED.


Date: _____


_____
UNITED STATES DISTRICT JUDGE